**FILED**
**Oct 02, 2018**
**11:54 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **STEPHEN SWEENEY,** | ) | **Docket No.  2018-06-0556** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 77996-2017** |
| **JONES BROTHERS,** | ) | |
| **Employer,** | ) | |
| | ) | |
| **TWIN CITY FIRE INSURANCE, CO.,** | ) | **Judge Joshua Davis Baker** |
| **Insurer.** | ) | |

## COMPENSATION HEARING ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This case came before the Court on September 24, 2018, for a hearing of Jones Brothers' motion for summary judgment. Stephen Sweeney did not respond to the motion. The Court grants Jones Brothers' motion and dismisses this claim with prejudice.

### Procedural History and Material Facts

Mr. Sweeney suffered an injury that Jones Brothers initially accepted; it began providing temporary disability and medical benefits. After further investigation, Jones Brothers filed a Petition for Benefit Determination challenging compensability and stopped providing benefits to Mr. Sweeney.

The Court held a scheduling hearing on June 20, 2018. Blakely Matthews appeared on Jones Brothers' behalf. The Court sent Mr. Sweeney a notice of the hearing, but he failed to appear.

At the scheduling hearing, the Court set a compensation hearing for December 6, and Jones Brothers designated Dr. Jeffrey Hazlewood as its medical expert. Dr.

Hazlewood found no causal relationship between Mr. Sweeney's injury and his workplace accident. The Court gave Mr. Sweeney until August 6 to designate his expert.

The Court sent a copy of the scheduling order containing the expert-witness disclosure date to Mr. Sweeney via certified mail, and the post office returned it marked "unclaimed." Mr. Sweeney missed the August 6 deadline for expert-witness designation, and Jones Brothers moved for summary judgment. Jones Brothers sent a copy of its motion for summary judgment to Mr. Sweeney via regular and certified mail. It received no response.

## Law and Analysis

Tennessee Rule of Civil Procedure 56.04 states summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. To meet this standard, Jones Brothers must either submit affirmative evidence that negates an essential element of Mr. Sweeney's claim or demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2017); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Jones Brothers carries this burden, then Mr. Sweeney "may not rest upon the mere allegations or denials of [his] pleading" but must respond by producing facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06. The Court holds that Jones Brothers met its burden of demonstrating Mr. Sweeney cannot establish an essential element of his case—medical causation.

Mr. Sweeney failed to respond to the motion. While his failure to respond does not mandate entry of summary judgment, it does prevent him from disputing any of the facts asserted in Jones Brothers' statement of material facts. *See United Serv's Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, *4 (Tenn. Ct. App. Sept. 28, 1988) ("An adverse party's failure to respond to a motion for summary judgment does not relieve the moving party of the burden of establishing an entitlement to judgment as a matter of law; rather, an absence of response only precludes factual disputes."). Additionally, although Mr. Sweeney represents himself in this claim, he still "must comply with the same standards to which lawyers must adhere." *Burnette v. K-Mart Corp.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6 (Jan. 20, 2015). Accordingly, because he failed to respond to the motion, the Court accepts the facts provided by Jones Brothers: chiefly that Dr. Hazlewood found no causal relationship between his injury and his workplace accident, and Mr. Sweeney failed to disclose an expert witness to refute Dr. Hazlewood's opinion.

The central focus of Jones Brothers' motion is that Mr. Sweeney cannot prove his injury arose primarily out of and in the course and scope of his employment due to a lack of medical proof. *See Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) ("In all but the most simple and routine cases, an employee must prove the causal relationship between an

injury and a workplace accident through expert medical proof."). As the nonmoving party, Mr. Sweeney must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye,* at 265. "The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, *not on hypothetical evidence that theoretically could be adduced . . . at a future trial*." *Id.* (Emphasis added.) Because Mr. Sweeney failed to respond with any expert proof to support a causal connection between his injury and his work for Jones Brothers, he failed to carry this burden.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. The Court grants Jones Brothers' motion for summary judgment and dismisses Mr. Sweeney's claim with prejudice to its refiling.

2. Absent an appeal to the Appeals Board, this order shall become final in thirty days.

3. The Court assesses the $150.00 filing fee against Jones Brothers under Tennessee Compilation Rules and Regulations 0800-02-21-.07, for which execution may issue as necessary.

4. Jones Brothers shall pay the filing fee within five business days of the order becoming final.

5. Jones Brothers shall file form SD-2 with the clerk, via email at wc.courtcleerk@tn.gov, within ten business days of this order becoming final.

**IT IS SO ORDERED.**

**ENTERED ON OCTOBER 2, 2018.**

_____

**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on October 2, 2018.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| Stephen Sweeney | X | | | P.O. Box 111062 Nashville, TN 37222 |
| Blakely D. Matthews | | | X | bdmatthews@cclawtn.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

### *Attach an additional sheet for each additional Appellee* *

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries        $ _____ per month    Telephone      $ _____ per month

    Electricity       $ _____ per month    School Supplies $ _____ per month

    Water          $ _____ per month    Clothing        $ _____ per month

    Gas            $ _____ per month    Child Care     $ _____ per month

    Transportation  $ _____ per month    Child Support  $ _____ per month

    Car            $_____ per month

    Other          $ _____ per month (describe: _____ )

10. Assets:

    Automobile           $ _____    (FMV) _____

    Checking/Savings Acct. $ _____

    House               $ _____    (FMV) _____

    Other               $ _____    Describe:_____

11. My debts are:

Amount Owed             To Whom

_____        _____

_____        _____

_____        _____

_____        _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____